## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HILLA BROT,

                Plaintiff,

    v.

BOSTON UNIVERSITY, DR. JAMES
GALAGAN, DR. KENNETH LUTCHEN,
and MATTHEW BARBER,

                Defendants.

CIVIL ACTION NO:  1:18-cv-10873-NMG

## DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S ANSWER
## TO COMPLAINT AND JURY DEMAND

Defendant Trustees of Boston University ("BU" or the "University")[1] hereby responds to

the numbered paragraphs in Plaintiff's Complaint and Demand for Jury Trial as follows:

### Parties

1.    The University is without knowledge or information sufficient to admit or deny

the allegations set forth in Paragraph 1, and therefore denies same.

2.    Denied.

3.    The allegations set forth in Paragraph 3 are directed at another Defendant;

therefore no answer is required.

4.    The allegations set forth in Paragraph 4 are directed at another Defendant;

therefore no answer is required.

5.    The allegations set forth in Paragraph 5 are directed at another Defendant;

---

[1] "Trustees of Boston University" is the official corporate name of the Defendant erroneously identified as "Boston University" in the Complaint.

therefore no answer is required.

## Facts

6.    Admitted.

7.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7, and therefore denies same.

8.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 8, and therefore denies same.

9.    The allegations set forth in Paragraph 9 are directed at another Defendant; therefore no answer is required.

10.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 10, and therefore denies same.

11.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 11, and therefore denies same.

12.    Admitted.

13.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 13, and therefore denies same.

14.    Admitted.

15.    Admitted.

16.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16, and therefore denies same.

17.    The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 17, and therefore denies same.

18.    The allegations set forth in Paragraph 18 are directed at another Defendant;

therefore no answer is required.

19.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 19, and therefore denies same.

20.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 20, and therefore denies same.

21.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21, and therefore denies same.

22.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 22, and therefore denies same.

23.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23, and therefore denies same.

24.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 24, and therefore denies same.

25.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 25, and therefore denies same.

26.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 26, and therefore denies same.

27.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 27, and therefore denies same.

28.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 28, and therefore denies same.

29.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 29, and therefore denies same.

30.     The University admits that Plaintiff met with Mr. Ramdas on August 2, 2016, but denies the remaining allegations set forth in Paragraph 30.

31.     The University has no basis to affirm or deny the allegations set forth in Paragraph 31, and therefore denies same.

32.     Denied.

33.     Denied.

34.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 34, and therefore denies same.

35.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 35, and therefore denies same.

36.     Denied.

37.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 37, and therefore denies same.

38.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 38, and therefore denies same.

39.     The allegations set forth in Paragraph 39 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 39 are deemed to be factual, those allegations are denied.

40.     The University denies that Dr. Galagan "forced" the Plaintiff to do anything, and is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 40, and therefore denies same.

41.     The University denies that Dr. Galagan "threatened" the Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations set forth in

Paragraph 41, and therefore denies same.

42.     The University is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 42, and therefore denies same.

43.     The University denies that Plaintiff has any appropriate male comparators and denies that Plaintiff had her salary reduced.

44.     Denied.

45.     The University denies that Dr. Galagan, Mr. Barber, and Dr. Lutchen "became aware" that Plaintiff had complained about unlawful behavior prior to her termination in November 2016.

46.     Admitted.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     The University admits that Plaintiff met with Mr. Barber on September 13, 2016, but denies the remaining allegations set forth in Paragraph 50.

51.     Admitted.

52.     Denied. Further answering, during the meeting on September 13, Barber explained to Plaintiff that an administrative error resulted in overpayments to her in June, July, and August 2016.

53.     Denied.

54.     The University denies that Dr. Galagan treated Plaintiff in a discriminatory manner and also denied the remaining allegations set forth in Paragraph 54.

55.     The University admits that Plaintiff met with Ms. Raidy on November 14, 2016,

and is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 55, and therefore denies same.

56.     The University is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 56 and therefore denies same.

57.     The University admits that Plaintiff's employment was terminated on November 15, 2016 and further states that the termination letter speaks for itself.

58.     The University denies that Plaintiff has any appropriate male comparators.

59.     The University denies that Plaintiff has any appropriate American comparators.

60.     The University denies that Plaintiff has any appropriate American comparators.

61.     The University denies that Dr. Galagan created a hostile work environment and further denies that Plaintiff has any appropriate comparators.

62.     Denied.

63.     The University denies that Dr. Galagan "demoted" Plaintiff but admits that Plaintiff was the only person ever terminated from Dr. Galagan's lab.

64.     The University admits that Plaintiff contacted Dr. White in November 2016, but is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 64, and therefore denies same.

65.     The University is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 65, and therefore denies same.

66.     The University admits that Plaintiff contacted the Equal Opportunity Office after her termination but denies the remaining allegations set forth in Paragraph 66.

67.     The University admits that the Equal Opportunity Office first interviewed Mr. Barber and Dr. Galagan at the same time, but denies the remaining allegations set forth in

Paragraph 67.

68.     Denied.

69.     Denied.

70.     The University denies that Plaintiff has any appropriate comparators, but admits that no other employees were terminated from Dr. Galagan's lab.

71.     The allegations set forth in Paragraph 71 are directed at another Defendant; therefore no answer is required.

72.     The University admits that Plaintiff was provided with a copy of her personnel file, but denies the remaining allegations set forth in Paragraph 72.

73.     Denied.

74.     Denied.

75.     Denied.

76.     The University admits that Plaintiff contacted University Provost Jean Morrison and that Dr. Lutchen reports to Dr. Morrison, but denies the remaining allegations set forth in Paragraph 76.

77.     Denied. Further answering, the University states that Dr. Morrison asked Dr. Julie Sandell to assess Plaintiff's appeal of the investigation conducted by the Equal Opportunity Office.

78.     Denied.

79.     Denied.

80.     Denied.

## Causes of Action

The University repeats and reasserts its answers to the allegations set forth in paragraphs

1 through 80 of the Complaint and incorporates them by reference into each of the following paragraphs as if fully and completely set forth therein.

**First Cause of Action**
**Sex Discrimination in Violation of Mass. Gen. Laws Chapter 151B, § 1, *et seq*. &**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.**

81.     The allegations set forth in Paragraph 81 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 81 are deemed to be factual, those allegations are denied.

82.     The allegations set forth in Paragraph 82 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 82 are deemed to be factual, those allegations are denied.

83.     Denied.

84.     Denied.

**Second Cause of Action**
**National Origin Discrimination in Violation of Mass. Gen. Laws Chapter 151B, § 1, *et seq*.**
**& Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.**

85.     The allegations set forth in Paragraph 85 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 85 are deemed to be factual, those allegations are denied.

86.     The allegations set forth in Paragraph 86 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 86 are deemed to be factual, those allegations are denied.

87.     Denied.

88.     Denied.

**Third Cause of Action**
**Retaliation in Violation of Mass. Gen. Laws Chapter 151B, § 1, *et seq*. &**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.**

89.     The allegations set forth in Paragraph 89 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 89 are deemed to be factual, those allegations are denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

**Fourth Cause of Action**
**Breach of Contract**

96.     The allegations set forth in Paragraph 96 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 96 are deemed to be factual, those allegations are denied.

97.     The allegations set forth in Paragraph 97 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 97 are deemed to be factual, those allegations are denied.

98.     The allegations set forth in Paragraph 98 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 98 are deemed to be factual, those allegations are denied.

99.     The allegations set forth in Paragraph 99 assert a legal conclusion, to which no answer is required. To the extent that the allegations set forth in Paragraph 99 are deemed to be

factual, those allegations are denied.

    100.   Denied.

## AFFIRMATIVE DEFENSES

The University asserts the following affirmative defenses. Assertion of the following affirmative defenses is not intended to and does not alter the burden of proof with respect to any defense or affirmative defense, whether asserted below or not. The University reserves the right to assert additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against the University upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times, the University complied with its obligations under the applicable employment law statutes.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise reasonable diligence in mitigating, minimizing, or avoiding the damages, if any, alleged in the Complaint; accordingly, any recovery must be reduced by the amount of damages resulting from such failure.

### FOURTH AFFIRMATIVE DEFENSE

To the extent the University had any duty or obligation to Plaintiff, it has performed, satisfied, and is therefore released from such duty and obligations.

### FIFTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the University.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Any and all actions taken by the University affecting Plaintiff were taken for legitimate, non-discriminatory business reasons.

The University hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

**WHEREFORE** Defendant Trustees of Boston University respectfully requests that this Honorable Court:

a.      DISMISS the Complaint with prejudice in its entirety;

b.      AWARD Defendants their costs, including reasonable attorney's fees; and

c.      GRANT such other relief to Defendants as this Court may deem just and appropriate.

**DEMAND FOR TRIAL BY JURY**

Defendants request a trial by jury on all issues and claims so triable.

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY, DR.
JAMES GALAGAN, DR. KENNETH LUTCHEN,
and MATTHEW BARBER,

By their attorney,


/s/ Lisa A. Tenerowicz
Lisa A. Tenerowicz (BBO #654188)
latenero@bu.edu
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts  02215
617-353-2326

Dated: May 9, 2018


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, a true and accurate copy of the above document was filed through the Court's ECF system, which sent notification to all counsel of record.


/s/ Lisa A. Tenerowicz